UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LEROY H. HALL, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No. 1:13-cv-1336-TWP-TAB |
| ) | |
| ALAN FINNAN, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott,* 512 U.S. 849, 856 (1994). This authority is conferred by Rule 4 of the *Rules Governing Section 2254 Cases in United States District Courts*. For the reasons which follow, this is an appropriate case for such a disposition.

Habeas petitioner Leroy Hall, an inmate of the Pendleton Correctional Facility, alleges that he was removed from certain religious programs as the result of prison disciplinary proceedings that were later dismissed. Invoking 28 U.S.C. § 2254(a), he seeks a writ of habeas corpus to challenge this action taken against him.

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. ʹ 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* Federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." *Leamer v. Fauver*, 288 F.3d 532, 540 (3rd Cir. 2002); *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999) (holding that habeas is the proper vehicle for presenting a claim "if but only if the prisoner is seeking to 'get out' of custody in a meaningful sense.").

In seeking a writ of habeas corpus Hall has used an unavailable legal remedy:

> State prisoners who want to challenge their convictions, their sentences, or administrative orders revoking good-time credits or equivalent sentence-shortening devices, must seek habeas corpus, because they contest the fact or duration of custody. *See, e.g.*, *Preiser v. Rodriguez,* 411 U.S. 475, 93 S. Ct. 1827, 36 L.Ed.2d 439 (1973); *Edwards v. Balisok*, 520 U.S. 641, 117 S. Ct. 1584, 137 L.Ed.2d 906 (1997). State prisoners who want to raise a constitutional challenge to any other decision, such as transfer to a new prison, administrative segregation, exclusion from prison programs, or suspension of privileges, must instead employ [42 U.S.C.] ' 1983 or another statute authorizing damages or injunctions--when the decision may be challenged at all, which under *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L.Ed.2d 418 (1995), and *Meachum v. Fano*, 427 U.S. 215, 96 S. Ct. 2532, 49 L.Ed.2d 451 (1976), will be uncommon.

*Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (quoting *Moran v. Sondalle,* 218 F.3d 647, 650-51 (7th Cir. 2000)). Any decision regarding Hall's right to participate in certain programs did not result in the imposition of "custody" which can be challenged in an action for a writ of habeas corpus. *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001).

Because Hall's habeas petition shows on its face that he is not entitled to the relief he seeks, the action is **summarily dismissed** pursuant to Rule 4.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 09/09/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Leroy Hall
854050
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064